DA 07-0744

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 331

STATE OF MONTANA,

Plaintiff and Appellee,

v.

THOMAS K. JONES,

Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-2005-039
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender, Roberta R. Zenker,
Assistant Public Defender, Helena, Montana

For Appellee:

Hon. Mike McGrath, Montana Attorney General, David Ole Olson,
Assistant Attorney General, Helena, Montana

Cyndee L. Peterson, Hill County Attorney, Gina Bishop, Deputy
County Attorney, Havre, Montana

Submitted on Briefs: August 27, 2008

Decided: September 29, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Thomas K. Jones (Jones) appeals the denial of his motion to withdraw admissions as well as his sentencing in the Twelfth Judicial District, Hill County. We reverse the denial of his motion by the District Court and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    On July 29, 2005, Jones plead guilty in Hill County District Court to one count of driving under the influence of alcohol (DUI), fourth or subsequent offense, and one count of driving while privilege to do so is suspended or revoked. On October 17, 2005, Jones was sentenced in Hill County on the DUI charge to a thirteen-month commitment with the Department of Corrections (DOC), and a five-year suspended sentence which was to run consecutively to the thirteen-month commitment. For the careless driving charge, he received a six-month suspended sentence. Upon completion of a drug and alcohol treatment program, the remainder of Jones's thirteen-month commitment would be suspended. At that time, Jones was also serving a sentence on similar charges in Yellowstone County. Yellowstone County had initially filed a report of violation there, but then dismissed the report in deference to Hill County. On April 27, 2006, Jones completed an alcohol treatment program, was placed on probation, and returned to community supervision.

¶3    On July 12, 2006, Jones was arrested for DUI in Silver Bow County. On July 18, 2006, the Hill County Deputy Attorney filed a petition to revoke Jones's suspended sentence in Hill County based, in part, upon this arrest. On September 15, 2006, Jones

2

entered into a plea agreement with the Silver Bow Deputy County Attorney. Jones agreed to plead guilty in Silver Bow County to felony DUI, fourth or subsequent offense. The State agreed to recommend a commitment to the DOC for a thirteen-month placement in an appropriate correctional facility, the remainder of such term to be suspended upon Jones's successful completion of a residential alcohol treatment program. The State also agreed to recommend that Jones be sentenced to a subsequent commitment of a two-year suspended sentence.

¶4 At the time that Jones entered into this agreement, his revocation proceedings in Hill County were still pending. The plea agreement in Silver Bow County addressed these proceedings with the following language: "The State also will recommend that the sentence imposed in this matter run concurrently with any sentence imposed upon the Defendant as the result of pending cases in Hill County, Montana, or Yellowstone County, Montana."

¶5 That same day, Jones was sentenced in Silver Bow County. The District Court accepted the terms of the plea agreement Jones had entered into with the State and sentenced Jones according to the State's recommendations. Notably, the District Court's Judgment and Order of Commitment stated the following: "IT IS FURTHER ORDERED that the sentence imposed in this matter shall run concurrent with any sentence imposed upon the Defendant as the result of the pending revocation proceedings in Hill County, Montana or Yellowstone County, Montana."

¶6 On October 10, 2006, Jones appeared in Hill County, waived his rights to a hearing on the revocation petition, and admitted the allegations contained in that petition

3

in open court. The District Court then held a sentencing hearing and revoked Jones's suspended sentence, committing him to five years with the DOC, with credit for time served. During the hearing, the Hill County Deputy Attorney argued that the sentence imposed there should run *consecutively* to the sentence imposed in Silver Bow County. The District Court agreed and ordered that its five-year sentence would run consecutively—not concurrently—with the sentence imposed upon Jones in Silver Bow County. Although the Silver Bow County sentence was formally noticed to the District Court in Hill County during the sentencing hearing, the Hill County District Court declined to follow it and impose its sentence concurrently, in part due to the extensive nature of Jones's violations and his inability to stay sober and be properly supervised in the community. At the time, Jones's attorney objected, and stated that "it's Mr. Jones' view that because the sentence [in Silver Bow County] was issued first, the Silver Bow order running it concurrent with this [sentence] would be . . . appropriate . . . ." Nonetheless, the Hill County District Court disregarded the judgment in Silver Bow County and imposed its sentence consecutively.

¶7 On May 25, 2007, Jones filed a motion before the Hill County District Court requesting that he either be allowed to withdraw his admissions to the revocation petition, or be sentenced in conformity with the plea agreement executed in Silver Bow County. Jones argued that there was good cause to withdraw the admissions because the plea colloquy was not adequate, the State breached the plea agreement, and the resulting sentence was illegal. The District Court denied the motion finding that Jones had failed to show good cause to withdraw the admissions under *State v. Bowley*, 282 Mont. 298,

4

938 P.2d 592 (1997). The District Court concluded Jones failed to demonstrate that he did not receive a sufficient explanation of the consequences of his guilty plea in Hill County, and that he failed to bring the plea agreement to the attention of the Hill County District Court. The District Court also found that he failed to demonstrate either that he filed a prompt request to withdraw his admissions, or that his admissions in Hill County were the result of the dismissal of other charges. Additionally, the District Court rejected an argument advanced by Jones that the Hill County Attorney was bound by the plea agreement executed by the Silver Bow County Attorney, based on the fact that the county attorneys within the state of Montana operate autonomously within their respective counties, and because Jones did not present to the District Court any plea agreement when he tendered his admissions to the revocation petition. Finally, the District Court rejected Jones's argument that the sentence imposed in Hill County violated § 46-18-203(7), MCA, and concluded that its sentence was legal.

¶8 Jones now appeals his sentence and the denial of his motion to withdraw his admissions in the Hill County District Court. Jones maintains that his admissions to the allegations in the revocation petition were not knowing and voluntary because they were premised on the understanding that the sentence he would receive in Hill County would run concurrently with his sentence in Silver Bow County, and because the District Court in Hill County did not explain to him that it was not bound by the Silver Bow County District Court's order. Jones further argues that the plea agreement executed in Silver Bow County was binding upon all the agents of the State—including the Hill County Deputy Attorney. Finally, Jones maintains that the sentence imposed by the District

5

Court in Hill County was illegal because it had the effect of enlarging his original suspended sentence in violation of § 46-18-203(7), MCA.

¶9 We agree with Jones that, given the unique and anomalous facts of this case, the Hill County District Court erred in denying his motion to withdraw his admissions to the revocation petition. Because we find this issue dispositive, we do not reach the other arguments raised by Jones. Thus, we state the issue on appeal as follows:

¶10 *Did the Hill County District Court err in denying Jones's motion to withdraw his admissions to the revocation petition?*

**STANDARD OF REVIEW**

¶11 Under § 46-16-105(2), MCA, a district court may permit the withdrawal of a guilty plea upon a showing of good cause. "Good cause" includes the involuntariness of the plea, but may include other criteria as well. *State v. Warclub*, 2005 MT 149, ¶ 16, 327 Mont. 352, ¶ 16, 114 P.3d 254, ¶ 16. The question of involuntariness of the plea is considered relative to the "case-specific considerations" of the particular circumstances under review. *Warclub*, ¶ 19 (citing *State v. Lone Elk*, 2005 MT 56, ¶ 23, 326 Mont. 214, ¶ 23, 108 P.3d 500, ¶ 23). "These considerations include the adequacy of the district court's interrogation, the benefits obtained from a plea bargain, the withdrawal's timeliness, and other considerations that may affect the credibility of the claims presented." *State v. McFarlane*, 2008 MT 18, ¶ 17, 341 Mont. 166, ¶ 17, 176 P.3d 1057, ¶ 17.

¶12 Accordingly, we review de novo a district court's denial of a motion to withdraw a guilty plea, as the issue of whether a plea was entered involuntarily is a mixed question of

6

law and fact. *McFarlane*, ¶ 8 (citing *Warclub*, ¶ 17). Moreover, we review the underlying factual findings to determine if they are clearly erroneous, and the district court's interpretation and application of the law for correctness. *McFarlane*, ¶ 8.

## DISCUSSION

¶13 Jones argues the District Court erred in denying his motion to withdraw his admissions to the revocation petition in Hill County. Jones argues that the Hill County Deputy Attorney was aware of the sentence in Silver Bow County, and presumably knew that Jones was relying on the representations made in both the plea agreement and the sentence in the Silver Bow County. The language in both the Silver Bow District Court's order, as well as the plea agreement executed there, led Jones to believe that his sentence in Hill County would be consistent with that sentence, and that the Silver Bow County order and agreement would be followed. Neither the Hill County Deputy Attorney nor the Hill County District Court took steps to disabuse Jones of the mistaken notion that the Hill County District Court would be bound by the judgment and plea agreement executed in Silver Bow County. Jones contends that the language in the Silver Bow County plea agreement and corresponding District Court order induced him to admit as true the allegations in the revocation petition in Hill County. He maintains that because the Hill County District Court did not adequately interrogate him when it accepted his admissions to determine whether he understood that it was not bound by the judgment and plea agreement executed in Silver Bow County, his admissions in Hill County were not knowingly and voluntarily entered.

7

¶14    The State maintains that the District Court did not err in denying Jones's motion to withdraw his admissions to the revocation petition. The State advances several arguments in support of the notion that Jones's admissions in Hill County were voluntary. First, the State points out that Jones was fully aware of the direct consequences of admitting to the allegations in the petition, Jones had not been promised a recommended disposition in Hill County, and Jones was informed by the Hill County District Court that he could receive up to five years in prison. Second, the State argues that nothing in the Silver Bow District Court's sentencing order, or the plea agreement, required or suggested that Jones should plead guilty to any charges against him in Hill County. Accordingly, the plea agreement in Silver Bow County provided no incentive for Jones to plead guilty in Hill County.

¶15    Moreover, while the State acknowledges that the Silver Bow District Court's concurrent sentencing provision amounted to a "disappointing bargain" for Jones because the Silver Bow District Court had no authority to bind the District Court in Hill County, the State maintains that this fact provided no inducement for Jones to plead in Hill County and suggests that Jones may only seek remedies for this judgment in Silver Bow County. The State argues that there was not even a "slight" inducement for Jones to admit to the petition in Hill County based on the Silver Bow County judgment and plea agreement, and that, at the revocation hearing, the Hill County probation officer indicated that he might recommend a consecutive sentence. The State argues, in fact, that whether Jones's Hill County sentence would run concurrent or consecutive to his Silver Bow

8

County sentence was a relatively minor issue in Jones's decision to admit to the petition in Hill County.

¶16    Finally, the State argues that the Hill County District Court could not have informed Jones of the effect of the Silver Bow agreement and judgment because the District Court was not aware of it at the time Jones tendered his admissions. The State argues that the Hill County District Court did not receive a copy of the Silver Bow judgment until after Jones's plea colloquy, and asserts that Jones should have informed the Hill County District Court about the Silver Bow judgment before he entered his admissions.

¶17    In denying Jones's motion to withdraw his admissions to the revocation petition, the District Court relied upon *Bowley*, and concluded that Jones failed to demonstrate that: (1) he did not receive a sufficient explanation of the consequences of his plea; (2) his motion to withdraw his admissions to the revocation petition was timely; and (3) his admissions in either county were the result of the dismissal of other charges. Accordingly, the District Court concluded that the good cause criteria as set forth in *Bowley* were not satisfied. *See Bowley*, 282 Mont. at 304, 938 P.2d at 595. However, in *Lone Elk*, we revised our previous approach to motions to withdraw guilty pleas and admissions and made it clear that "[t]he ultimate test for withdrawal of a plea is voluntariness." *Lone Elk*, ¶ 14. We made this statement based on the fact that the Court's "exhaustive review" of the case law in this area failed to unearth a single "case in which we have allowed a defendant to withdraw his plea for good cause other than voluntariness." *Lone Elk*, ¶ 13. As such, withdrawal of guilty plea motions should not be

9

analyzed under separate and distinct criteria as is typified by the approach employed in *Bowley* and the District Court. Different considerations in each case, including the nature of the plea colloquy and what admissions were given, may play a role in determining whether a given plea was entered voluntarily. However, the question of voluntariness is always to be answered based on "case-specific considerations," and not upon whether the defendant has failed to satisfy any particular set of criteria. *Warclub*, ¶ 19.

¶18    In this case, we conclude that the District Court erred in denying Jones's motion to withdraw his admissions to the revocation petition. In the Silver Bow County plea agreement, Jones was told that "the State" would recommend that his sentence in Silver Bow County would run concurrently with any imposed in Yellowstone or Hill. The Silver Bow County District Court then ordered that its sentence would run concurrently with any imposed in Hill or Yellowstone. Irrespective of whether this language bound all county attorneys as agents of "the State," it is agreed on all sides that Silver Bow County District Court did not have the authority to bind the Hill County District Court in terms of sentencing Jones. Jones, however, did not know or appreciate this, and understandably relied upon the assurances contained in the Silver Bow County plea agreement and ensuing judgment.

¶19    When the Hill County District Court sentenced Jones, it had before it the Silver Bow judgment, but chose to impose a consecutive, and not a concurrent, sentence. Jones's attorney objected, asserting that his client thought that the Hill County sentence should run concurrently with the one imposed in Silver Bow. (Opinion, ¶ 6.) This exchange clearly indicates that when Jones tendered his admissions in Hill County, he

10

was relying on the fact that the Silver Bow plea agreement and judgment would be followed in Hill County, and the fact that "the State," as it operated in Hill County, would recommend that he be sentenced in accordance with the plea agreement and the judgment from Silver Bow County.

¶20    As we stated in *Lone Elk*, a plea is "voluntary only when the defendant is 'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel . . . .' " *Lone Elk*, ¶ 21 (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)).  Evidence indicating involuntariness includes, among other things, "unfulfilled or unfulfillable promises . . . ." *Lone Elk*, ¶ 21.  The record in this case indicates that the promise executed in Silver Bow County was relied upon by Jones when he tendered his admission.  This promise was illusory because Silver Bow County had no authority to enforce it.  When Hill County then decided not to follow it, that promise went unfulfilled.  Although the State is correct in noting that no plea agreement was entered into in Hill County, for the purposes of our voluntariness inquiry in this case that fact is beside the point.  The key consideration here is that Jones was relying on the Silver Bow County plea agreement and judgment when he entered his plea in Hill County.  Jones did not know that the Silver Bow County proceedings had no "actual value" in Hill County; in fact, he believed the opposite was true.  Jones believed that "the State"—whether it was operating in Hill or Silver Bow County—would be bound by the plea agreement and judgment in Silver Bow County.  Because this promise was unenforceable, and later on turned out to be unfulfilled, Jones's admissions to the Hill County revocation petition were involuntary.

11

**CONCLUSION**

¶21 Accordingly, we reverse the denial of Jones's motion to withdraw his guilty plea in Hill County and remand for further proceedings consistent with this Opinion.


/S/ PATRICIA COTTER


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART


Justice Jim Rice, concurring.

¶22 Prior to the entry of his admissions to the alleged probation violations, Jones indicated that he had not been promised a recommended disposition and his counsel acknowledged there was no agreement between the parties about the disposition. On that basis, the District Court accepted Jones' admissions to the alleged violations. The District Court was advised about the Silver Bow plea agreement and order only after Jones had entered his plea. While I am willing to accept the Court's conclusion that Jones was relying upon the Silver Bow plea agreement when tendering his admissions, and reverse the denial of his motion to withdraw plea, Jones and his counsel should have been diligent to advise the District Court of their reliance upon the Silver Bow plea agreement and order during the plea colloquy.

¶23    I trust it will not be missed that the idea that the Hill County District Court could be bound by a plea agreement and sentencing judgment entered in Silver Bow County is a "mistaken notion." Opinion, ¶ 13. We have previously held that a district court cannot impose a sentence consecutive to one not yet imposed by another court. *State v. McGuire*, 260 Mont. 386, 388, 860 P.2d 148, 149-50 (1993). The same rule should apply to the attempt to impose a sentence concurrent to a sentence which may be imposed in the future.

/S/ JIM RICE


Chief Justice Karla M. Gray joins in the foregoing concurring opinion of Justice Jim Rice.

/S/ KARLA M. GRAY