DA 09-0305

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 408N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

LIONEL SCOTT ELLISON,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 07-907
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Herman A. Watson, III, Attorney at Law; Bozeman, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; John Paulson, Assistant
Attorney General; Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Scott Twito, Deputy
County Attorney; Billings, Montana

Submitted on Briefs:  October 28, 2009

Decided:  November 25, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Appellant Lionel Scott Ellison (Ellison) appeals from the order of Thirteenth Judicial District Court, Yellowstone County, denying his motion to withdraw his Alford plea.

¶3    The issue on appeal is as follows:

¶4    1. Did the District Court err when it denied Ellison's motion to withdraw his Alford plea.

¶5    On October 23, 2007, Ellison was charged by Information with the offense of felony arson in violation of § 45-6-103(1)(a), MCA. The charge arose out of an incident in May 2007, when a car, belonging to Deane Ames, started on fire while Ellison was driving. On April 1, 2008, Ellison appeared with his attorney, Jeffrey G. Michael (Michael), and entered an Alford plea to the arson charge before district court judge, the Honorable Russell C. Fagg. Ellison filed an Acknowledgement of Waiver of Rights by Plea of Alford, which indicated that, pursuant to a plea agreement, the State would recommend a five-year suspended sentence but that Ellison could still argue for a lesser sentence, including a deferred imposition of sentence. Sentencing was then set for

2

May 29, 2008, but reset after the District Court learned that Ellison had terminated Michael and retained replacement counsel. Subsequently, Ellison filed his motion to withdraw the plea arguing that there was new exculpatory evidence, that his plea had been induced by the prosecutor's threat to charge him and his mother with witness tampering and that the State had lost potentially exculpatory evidence. On November 28, 2008, Ellison filed an addendum brief in support of his motion, arguing that he was involuntarily induced to plead guilty based on a misrepresentation that he could receive a deferred sentence. On May 5, 2009, the District Court issued its order denying Ellison's motion to withdraw his plea reasoning that Ellison had been fully aware of the direct consequences of his decision to enter a guilty plea. On May 26, 2009, the District Court followed up its denial of Ellison's motion by sentencing him to five years, all suspended in Montana State Prison. Additional facts are discussed below as relevant.

¶6     On appeal, Ellison argues that the District Court erred in denying his motion to withdraw his plea. Analogizing to *State v. Deserly*, 2008 MT 242, 344 Mont. 468, 188 P.3d 1057 and *State v. Jones*, 2008 MT 331, 346 Mont. 173, 194 P.3d 86, Ellison argues that his guilty plea was involuntary and induced by the misrepresentation that a deferred sentence was possible. Ellison asserts that § 46-18-201(1)(b), MCA, prohibits a deferred sentence for persons who have been convicted of a felony on a prior occasion, and that misrepresentations to the contrary made by his former attorney, Michael, the prosecutor and the presiding judge render Ellison's plea subject to withdrawal under § 46-16-105(2), MCA.

3

¶7 The State counters that § 46-18-201(1)(b), MCA, does not absolutely prohibit the district court from deferring the imposition of Ellison's sentence. The State argues that since Michael had successfully argued the inapplicability of § 46-18-201(1)(b), MCA, on behalf of other clients with felony convictions from other jurisdictions, there was nothing misleading about his advising Ellison that such an argument could be made in Ellison's case. In short, the State asserts that since Michael advised Ellison that "it was not very likely that he was going to get a deferred sentence . . ." Ellison's guilty plea was not induced by misrepresentation.

¶8 We review a district court's denial of a motion to withdraw a guilty plea de novo. *State v. Brinson*, 2009 MT 200, ¶ 3, 351 Mont. 136, 210 P.3d 164. A district court's underlying factual findings are reviewed for clear error. *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057. A district court's interpretation of the law and application of the law to the facts are reviewed for correctness. *McFarlane*, ¶ 8.

¶9 In relevant part § 46-16-105(2), MCA, provides that:

> At any time before judgment or . . . within one year after judgment becomes final, the court may, for good cause shown, permit the plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted.

¶10 Under this statutory scheme "good cause" is shown if a defendant demonstrates that, at the time he entered his plea, he was induced to do so based on misrepresentations by the court, the prosecutor, the defense counsel or some other party. *Brinson*, ¶ 8. As such, the first step in our inquiry into whether a defendant is entitled to withdraw his Alford plea is whether the court, the prosecutor, the defense counsel or any other party

4

made misrepresentations to the defendant. Here, we determine that no misrepresentations were made.

¶11 First, Ellison's defense attorney did not represent to Ellison that a deferred sentence was guaranteed. Michael's testimony evidences the fact that he informed Ellison that a deferred sentence was unlikely given his felony conviction in Wyoming. Although, despite the limiting language of § 46-18-201(1)(b), MCA, Michael had successfully obtained deferred sentences for clients with prior felonies from other jurisdictions, he forewarned Ellison that such a sentence was only a remote possibility. This advice does not amount to a misrepresentation—it does not constitute "good cause" for withdrawing a plea.

¶12 Second, the District Court did not misrepresent that a deferred sentence was promised, or even possible. During the plea colloquy, the District Court explained that "you may argue for a less[er] sentence, including a deferred sentence . . . ." This statement only represents that, under the plea, Ellison was permitted to make arguments in favor of a lesser sentence. Thus, the District Court's statements do not rise to the level of "good cause" for allowing the withdrawal of Ellison's Alford plea.

¶13 Finally, neither the prosecutor nor any other party made misrepresentations regarding the possibility of a deferred sentence. Ellison's argument that the prosecutor "acquiesced in the illusory deferred sentence by the terms of the plea agreement . . ." is not a tenable argument in this instance. Simply put, none of the relevant parties in this case misrepresented to Ellison that he was entitled to a deferred sentence. Consequently,

5

we conclude that the District Court properly denied Ellison's motion to withdraw his plea.

¶14 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's denial of Ellison's motion to withdraw his plea.

¶15 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE