

DA 08-0465

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 234

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAVID ALAN SCHWARTZ,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-06-196A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Larry Jent; Williams & Jent, Bozeman, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

      Marty Lambert, Gallatin County Attorney; Todd S. Whipple, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  June 17, 2009

Decided:  July 15, 2009

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 David Alan Schwartz appeals from the Findings of Fact, Conclusions of Law and Order on Motion to Suppress entered by the Montana Eighteenth Judicial District Court on May 8, 2008, denying his motion to suppress evidence.

¶2 The issue on appeal is whether the District Court properly denied Schwartz's motion to suppress.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 In June, 2005, a confidential informant (CI) met with Detective Travis Swandal and disclosed that she had arranged to buy marijuana from Georgia Doncaster. Swandal fitted the CI with an electronic transmitting device that allowed him to overhear conversations with the CI and provided cash to make the buy. The CI went to Doncaster's residence to buy the marijuana. While the CI was there, Doncaster made a phone call and Schwartz arrived shortly thereafter with the drugs. The CI bought the drugs from Schwartz, then left Doncaster's residence and met with Swandal. The CI turned the drugs over to Swandal and told him what had happened.

¶4 In October, 2005, the CI informed Swandal that the CI had arranged to make another marijuana purchase. Swandal again fitted the CI with an electronic transmitting device and furnished the money for the buy. The CI went to The Cinnamon Lodge near Big Sky where Schwartz worked and bought the drugs from him there. The CI turned the drugs over to Swandal and again told him what happened.

2

¶5     There was no search warrant authorizing the electronic surveillance for either of the drug buys. While Swandal listened to the conversations over the transmitter, there is no evidence that the conversations were recorded.

¶6     On June 22, 2006, Schwartz was charged by Information with two counts of criminal distribution of dangerous drugs in violation of § 45-9-101, MCA. In the District Court's Omnibus Hearing Order entered on September 5, 2006, the State indicated that it intended to call the CI as a witness at trial and that it did not intend to introduce the results of electronic monitoring. On December 8, 2006, Schwartz filed a motion to suppress "all statements, cash, drugs, observations and other evidence obtained as the result of an illegal warrantless search conducted by a confidential informant outfitted with a body wire . . . ." The State and Schwartz submitted the motion to the District Court on undisputed facts, and no other facts concerning the drug transactions appear in the record. Schwartz contended, as he contends on appeal, that the warrantless electronic transmission of his conversations with the CI violated his privacy rights under Article II, Section 10 of the Montana Constitution and that the warrantless surveillance taints all evidence.

¶7     The District Court denied the motion to suppress based primarily upon the decision in *State v. Brown*, 232 Mont. 1, 755 P.2d 1364 (1988), which held that one participant to a conversation can consent to having it electronically monitored without the necessity of a search warrant. At the time of the District Court's decision, *State v. Goetz*, 2008 MT 296, 345 Mont. 421, 191 P.3d 489 had not been decided. In *Goetz* this Court held that electronic monitoring and recording of an individual's conversations with the

3

confidential informant in that case constituted a search and was subject to the warrant requirement of Article II, Section 11 of the Montana Constitution. *Goetz*, ¶¶ 35, 54.

¶8 Following denial of the motion to suppress, Schwartz entered a plea agreement that was later accepted by the District Court. In August, 2008, he received an 18-month deferred imposition of sentence, reserving his right to appeal the denial of the motion to suppress. On appeal Schwartz asks that this Court reverse the District Court, order suppression of all evidence flowing from the electronic monitoring, and order the charges dismissed.

## STANDARD OF REVIEW

¶9 This Court reviews the denial of a motion to suppress to determine whether the district court's findings of fact are clearly erroneous and whether the court correctly applied the law. *Goetz*, ¶ 9.

## DISCUSSION

¶10 The State concedes that the *Goetz* decision applies to this case and that the electronic monitoring of Schwartz's conversations constituted a search not authorized by a search warrant or by an exception to the requirement for a search warrant.[1] The State argues, however, that even if the District Court's order conflicts with *Goetz*, there was sufficient evidence to support Schwartz's guilty plea wholly apart from the electronic surveillance. We agree.

---

[1] The State makes this concession only as to the first buy that took place in Doncaster's residence. The other buy happened at or near a restaurant at Big Sky where Schwartz worked. As the State notes, the facts presented to the District Court contain little detail about the circumstances of the second buy.

4

¶11 Under the facts presented to the District Court at the time of the motion to suppress, the CI bought drugs from Schwartz on two occasions, using money provided by Det. Swandal. The CI met with Swandal after each transaction, turned over the drugs obtained from Schwartz, and reported on what happened during the transactions. The record also shows that in the Omnibus Hearing Order, entered by the District Court over three months before Schwartz filed his motion to suppress, the State indicated that the CI would testify at trial and that it would not seek to introduce the results of the electronic surveillance.

¶12 The State was therefore prepared to have the CI testify at trial about the drug buys from Schwartz. Absent an evidentiary objection, the CI could testify as to everything that happened during both transactions. There was no need for the State to use the results of the electronic monitoring against Schwartz, and it did not intend to do so as evidenced by the Omnibus Hearing Order. While Schwartz complains that his very identity was the result of the electronic monitoring, it is abundantly clear that Schwartz himself made his identity known when he arrived at Doncaster's residence and sold marijuana to the CI. Schwartz's identity was a fact regardless of whether the CI was wearing a transmitting device. The same is true of the drug sales themselves: they happened independently between Schwartz and the CI and did not depend upon the existence of the electronic surveillance. The CI's anticipated testimony could have described all these events. The CI's testimony would have been derived from the CI's participation in the drug transactions with Schwartz and not from any electronic surveillance. It was sufficient to

5

support Schwartz's guilty plea, and Schwartz failed to demonstrate that the electronic surveillance would have tainted the CI's testimony.

¶13    Where officers derive evidence in a drug case through an informant and not through contemporaneous unauthorized warrantless electronic monitoring, the evidence available from the informant is admissible.

> The monitoring and recording were incidental to, not the cause of, the "seizure of the drugs." The informant was the independent source of the information concerning the transaction of the drugs themselves, and the fact that the monitoring and recording occurred does not affect the admissibility of the evidence.

*State v. Hanley*, 186 Mont. 410, 422, 608 P.2d 104, 110 (1980). In *State v. Bassett*, 189 Mont. 28, 614 P.2d 1054 (1980), this Court similarly upheld the admissibility of evidence derived independently from an informant even though the informant wore an unauthorized warrantless electronic monitoring device. While both *Hanley* and *Basset* were decided long before our recent *Goetz* decision, their holdings on this issue remain valid. At the time those cases were decided, the law on electronic surveillance in Montana was arguably similar to the law announced by *Goetz* in that recordings and transcripts of conversations obtained by warrantless electronic monitoring were properly suppressed under the right to privacy in the Montana Constitution. *State v. Brackman*, 178 Mont. 105, 582 P.2d 1216 (1978).

¶14    The District Court's order was correct to the extent that it declined to suppress actual testimony by the CI, including the identification of Schwartz as the seller and the identification of the actual drugs purchased. Schwartz does not present any other argument that his guilty plea was anything other than voluntary and intelligent as

6

required by law. *State v. Peplow,* 2001 MT 253, ¶¶ 34-35, 307 Mont. 172, 36 P.3d 922.

There are therefore no grounds upon which to order that the charges against Schwartz be

dismissed and there was sufficient factual basis for his guilty plea as required by § 46-12-

212, MCA. For the reasons explained above, the District Court is affirmed.


/S/ MIKE McGRATH


We concur:


/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE