
DA 09-0583

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 252

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

THOMAS GREGORY FERRIS,

      Defendant and Appellant.

APPEAL FROM:      District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 08-117(d)
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robin A. Meguire, Attorney at Law, Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          John Parker, Cascade County Attorney; Susan Weber, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  August 25, 2010

Decided:  December 1, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Thomas Gregory Ferris appeals from the District Court's August 26, 2009 order denying his motion to withdraw his guilty plea. We affirm.

## BACKGROUND

¶2 In March, 2008, the State charged Ferris with felony distribution of dangerous drugs after he sold hydrocodone to an undercover informant. Law enforcement officers electronically monitored the transaction through a body wire worn by the informant. The monitoring was not authorized by a search warrant.

¶3 The State filed notice of its intent to treat Ferris as a persistent felony offender based upon a prior felony drug conviction. Ferris, with representation by counsel, subsequently pled guilty to felony criminal distribution of dangerous drugs. He executed a document captioned "Acknowledgement of Waiver of Rights by Plea of Guilty" in which he acknowledged, among other things, that the plea was voluntary and that "I fully understand what I am doing." His attorney signed a separate certification that Ferris had been advised of his rights to go to trial and that he was voluntarily entering the plea.

¶4 Ferris also executed a written plea agreement which provided in part that "[e]ach party understands and agrees that a plea of GUILTY entered to any charge pursuant to this agreement cannot be subsequently withdrawn." The State agreed to recommend a ten-year sentence at the Montana State Prison with five years suspended, to run concurrently with Ferris' sentence for his prior conviction. The State also agreed to not

2

seek designation as a persistent felony offender, even though Ferris had numerous prior felony convictions.

¶5 The District Court conducted a change of plea hearing on August 7, 2008. The District Court examined Ferris in detail as to his understanding of the plea agreement and of the rights he waived by pleading guilty. Ferris testified that he was pleading guilty voluntarily and that he understood the proceedings. The District Court specifically inquired into the factual basis for the plea. Ferris acknowledged that he sold drugs to an undercover informant who was wearing an electronic transmitting device. The District Court accepted Ferris' guilty plea. At a subsequent sentencing hearing Ferris' attorney noted that Ferris was "willing to enter into this [plea agreement] rather quickly so that he can get this resolved, which I think is a benefit to the State and to all of us." The District Court sentenced Ferris according to the plea agreement.

¶6 After Ferris entered his guilty plea but before he was sentenced this Court decided *State v. Goetz*, 2008 MT 296, 345 Mont. 421, 191 P.3d 489. That case held that a search warrant was required for electronic monitoring of a defendant's conversations with an informant in his home notwithstanding the informant's consent. Neither the attorneys nor the District Court mentioned *Goetz* at the sentencing hearing.

¶7 In May, 2009, Ferris requested appointment of counsel to raise *Goetz* issues. The Public Defender appeared for Ferris and on June 29, 2009, filed a motion to withdraw the guilty plea so that Ferris could seek suppression of the surveillance evidence based upon *Goetz*. After briefing, the District Court denied the motion to withdraw the plea based

3

primarily upon Ferris' failure to raise any *Goetz* issue prior to sentencing. This appeal followed.

## STANDARD OF REVIEW

¶8    A district court may permit a defendant to withdraw a guilty plea upon good cause, § 46-16-105(2), MCA. An involuntary plea can justify withdrawal, but is not the only basis for establishing good cause. *State v. Wise*, 2009 MT 32, ¶ 9, 349 Mont. 187, 203 P.3d 741. Good cause analysis has been based upon the adequacy of the district court's interrogation at the time the plea was entered; the promptness with which the defendant attempts to withdraw the plea; and whether the plea resulted from a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. *State v. Boucher*, 2002 MT 114, ¶ 25, 309 Mont. 514, 48 P.3d 21. The fundamental purpose of allowing withdrawal of a plea is to guard against conviction of an innocent person. *Id*. This Court reviews a denial of a motion to withdraw a guilty plea de novo. *State v. Usery*, 2009 MT 227, ¶ 12, 351 Mont. 341, 212 P.3d 279.

## DISCUSSION

¶9    *Issue 1: Whether the District Court erred by denying Ferris' motion to withdraw his guilty plea*. This case is controlled by our recent decision in *State v. Andrews*, 2010 MT 154, 357 Mont. 52, 236 P.3d 574. In that case this Court held that a guilty plea is made on the basis of the law applicable at the time the plea is accepted by the district court, and that the plea may not be withdrawn if a later judicial decision changes the law. *Andrews*, ¶ 12. The *Goetz* decision that changed the law here was decided after Ferris

4

entered his guilty plea, and therefore does not provide the necessary good cause for withdrawing the plea.

¶10 Ferris argues in his reply brief on appeal that notwithstanding *Andrews*, his guilty plea was not voluntary or "at the very least, the fact that he was not informed of *Goetz* undermines the voluntariness of his plea." As noted above, the written plea agreement as well as the colloquy conducted by the District Court at the time the plea was accepted clearly indicated that the plea was entered voluntarily. In addition, he admitted he sold drugs to an undercover informant and he received the benefit of the plea agreement.[1] The basis for Ferris' argument is the assertion that Ferris' trial attorney had the obligation to advise him that the *Goetz* appeal was pending but undecided at the time of his guilty plea. Ferris cites no law in support of this proposition. We decline to adopt a standard that requires trial counsel to be aware of the issues in all cases pending on appeal, and to advise clients on how each of those cases might affect his situation.

¶11 *Issue 2: Whether Ferris' attorney provided ineffective assistance.* Ferris contends that his attorney provided ineffective assistance by failing to raise the *Goetz* issue at the time of sentencing and that no record review is necessary because no plausible justification exists for the failure to do so. This Court reviews ineffective assistance of

---

[1] As in *Andrews*, even if *Goetz* applied to Ferris' case, the State could still have had evidence to convict based upon the testimony of the confidential informant, the drugs recovered and the observations of the officers. Ferris argues on appeal that there was "no indication in the record that the CI ever agreed to testify" and that it is unlikely that the CI would be called as a witness. To the contrary, the Information charging Ferris with the offense specifically listed the CI as a witness for the State and nothing appears to indicate that the CI would not or could not testify. *See State v. Schwartz*, 2009 MT 234, 351 Mont. 384, 212 P.3d 1060.

counsel claims under the principles set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948. Counsel's performance is deficient if it falls below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances. *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861. The defendant must overcome a strong presumption that counsel's actions were within a broad range of reasonable professional assistance. *Baca*, ¶ 17. The defendant must demonstrate prejudice by showing a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Id*.

¶12 Ferris' attorney could have asserted *Goetz* as a ground for withdrawing the guilty plea at the time of the sentencing, assuming that Ferris would have chosen to try to withdraw his plea at that time. However, the District Court could have denied a motion to withdraw on the ground that the plea was knowingly and voluntarily entered, and could have decided, as this Court did in *Andrews*, that a change in the case law is not a sufficient ground for withdrawing a plea. So, while Ferris' attorney could have raised *Goetz* at the time of sentencing, Ferris cannot demonstrate prejudice or that there is a reasonable probability that the result would have been different and that he would be allowed to withdraw his plea. Absent a conclusion that the result would have been different, we cannot determine that Ferris' attorney was ineffective for failing to raise *Goetz* at the sentencing hearing.

6

¶13 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS

Justice Patricia O. Cotter dissents.

¶14 I dissent. I would conclude that Ferris's counsel provided ineffective assistance in failing to timely raise *Goetz* in an effort to withdraw Ferris's guilty plea, and would reverse and remand to allow Ferris to renew his motion to withdraw his guilty plea.

¶15 The majority concludes that this case is controlled by our decision in *State v. Andrews*, 2010 MT 154, 357 Mont. 52, 236 P.3d 574 (Leaphart, Cotter & Nelson, JJ., dissenting). In *Andrews*, we held that a court decision which changes the law, and which is rendered after a defendant voluntarily changes his plea to guilty, does not provide the necessary good cause for withdrawing a guilty plea. *Andrews*, ¶ 12. In dissent, Justices Leaphart and Cotter argued that, under *State v. Lone Elk*, 2005 MT 56, ¶ 19, 326 Mont. 214, 108 P.3d 500, *overruled in part on other grounds, State v. Brison*, 2009 MT 200,

7

¶ 9, 351 Mont. 136, 210 P.3d 164, "intervening circumstances or any other reason for [a defendant] withdrawing his guilty plea that did not exist when he pleaded guilty" constituted good cause for withdrawing a plea, and that a change in the law occurring after a change of plea was just such a circumstance justifying the withdrawal of the guilty plea. *Andrews,* ¶ 17 (Leaphart & Cotter, JJ., dissenting). Justice Nelson, writing separately, opined that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final," *id.* at ¶ 25 (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 716 (1987)), and that because Andrews' conviction was not yet final when the new rule was announced, there was "good cause" for him to withdraw his guilty plea. *Id.* at ¶ 27.

¶16   I appreciate that the foregoing analyses in *Andrews* were minority positions. I submit, however, that our recent decision in *State v. Reichmand*, 2010 MT 228, 358 Mont. 68, ___ P.3d ___, underscores the correctness of the minority positions in *Andrews* and compels us to reverse Ferris's conviction and remand to allow Ferris to raise *Goetz* and *Reichmand* in support of a renewed motion to withdraw his guilty plea.

¶17   In *Reichmand*, Reichmand was found guilty of two counts of criminal endangerment. *Reichmand,* ¶ 1. At trial, the jury heard the taped conversations of a confidential informant (CI) buying drugs from Reichmand, thanks to a warrantless recording of those conversations arranged by a drug task force. *Id.* at ¶ 3. After the verdict but before sentencing, our decision in *Goetz* came down, and in response, Reichmand filed a motion to set aside the jury verdict. *Id.* at ¶ 4. The District Court denied the motion, concluding that because Reichmand failed to assert a *Goetz*-type

8

claim prior to or during trial, he was not "similarly situated" to the defendant in *Goetz*, as required under our decision in *State v. Foster-DeBerry*, 2008 MT 397, 347 Mont. 164, 197 P.3d 1004. *Id.* at ¶ 5.

¶18 On appeal in *Reichmand*, we reversed, and in so doing, overruled *Foster-DeBerry*. *Reichmand*, ¶ 11. We concluded that one need not have objected below in order to gain the retroactive benefit of a new rule of criminal procedure. *Id.* at ¶ 12. We endorsed the retroactivity principles announced in *State v. Egelhoff*, 272 Mont. 114, 125, 900 P.2d 260, 267 (1995), *rev'd on other grounds*, *Montana v. Egelhoff*, 518 U.S. 37, 116, S. Ct. 2013 (1996), and argued by Justice Nelson in his *Andrews* Dissent at ¶ 26, to the effect that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state and federal, pending on direct review or not yet final." *Reichmand*, ¶ 14 (citing *Egelhoff*, 272 Mont. at 125, 900 P.2d at 267).

¶19 As the Court notes, Ferris had pled guilty but had not yet been sentenced when we announced our decision in *Goetz*. *Supra* ¶ 6. Thus, his conviction was at that point "not yet final." The Court here concludes that although his counsel could have raised *Goetz* in an effort to withdraw his guilty plea prior to sentencing, his failure to do so is not ineffective assistance, as the District Court *could have* denied the motion in any event. *Supra* ¶ 12. Respectfully, I disagree with the Court's logic. Had Ferris's attorney timely raised *Goetz* in an effort to withdraw his guilty plea before sentencing, there is surely a reasonable probability that the result of the proceeding would have been different, as it is evident from its order that the District Court considered Ferris's failure to raise *Goetz*

9

prior to sentencing critical to its decision to deny the later motion to withdraw the guilty plea.

¶20   The implications of *Goetz* undermine the voluntariness of Ferris's plea, and establish the requisite "good cause" for withdrawal of a guilty plea under § 46-16-105(2), MCA.  As we have held, any doubts as to whether good cause exists to withdraw a guilty plea should be resolved in favor of a trial on the merits.  *State v. Tweed*, 2002 MT 286, ¶ 25, 312 Mont. 482, 59 P.3d 1105, *overruled on other grounds*, State *v. Deserly*, 2008 MT 242, ¶ 12 n. 1, 344 Mont. 468, 188 P.3d 1057.

¶21   I would conclude that in failing to raise *Goetz* in support of a timely motion to withdraw his guilty plea before Ferris was sentenced, Ferris's counsel's performance was deficient.  Given that the *Goetz* decision was potentially dispositive of Ferris's case and widely heralded among attorneys and in the press, it strains credulity that Ferris's counsel would not have known of it or understood its implications for his client.  In this connection, I would conclude that because there was no plausible justification for counsel's failure to raise *Goetz* and its binding warrant requirement before sentencing, the error is reviewable on direct appeal.  *State v. Kougl*, 2004 MT 243, ¶¶ 14, 19, 323 Mont. 6, 97 P.3d 1095.  *See also Whitlow*, ¶ 18 (citing *Lawhorn v. Allen,* 519 F.3d 1272, 1275 (11th Cir. 2008) ("Tactical or strategic decisions based on a misunderstanding of the law are unreasonable.")).

¶22   Finally, for the reasons implicit in this argument, I would further conclude that Ferris was prejudiced by this failure.  Thus, the requisites of *Strickland* are met here.  While the Court is correct that there is no guarantee Ferris would have ultimately been

10

successful in his efforts to withdraw his plea, all that is needed under *Strickland* and *Baca* is a "reasonable probability" that the result of the proceeding would have been different. *Baca*, ¶ 17. That reasonable possibility exists here.

¶23 I would reverse Ferris's conviction and sentence on the grounds of ineffective assistance of counsel, and remand to allow counsel to raise *Goetz* and *Reichmand* in support of a renewed motion to withdraw Ferris's guilty plea. I dissent from our failure to do so.

/S/ PATRICIA COTTER

Justices James C. Nelson and W. William Leaphart join in the Dissent of Justice Patricia O. Cotter.

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART