DA 07-0673

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 32

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SHAUN WAYNE WISE, a/k/a SHANADOA JOHNSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 07-71
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender; Koan Mercer, Assistant Appellate
Defender; Helena, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein;
Assistant Attorney General; Helena, Montana

George H. Corn, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs: October 16, 2008

Decided: February 10, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Appellant Shaun Wise pled guilty to criminal mischief in the Twenty-First Judicial District Court, Ravalli County. He later moved to withdraw his guilty plea, and the District Court denied his motion. We reverse and remand.

¶2    The sole issue presented for our review is whether the District Court erred in denying Appellant's motion to withdraw his guilty plea.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    In May 2007, the State charged Appellant Shaun Wise, a/k/a Shanadoa Johnson (Wise), with felony elder abuse by way of exploitation, §§ 52-3-803 and 52-3-825, MCA, and felony criminal mischief, § 45-6-101, MCA. The State charged Wise by Information and relied on an affidavit alleging that Wise and his brother scammed an eighty-six year old woman by performing fraudulent house repairs.

¶4    The affidavit related that the victim contacted the police in response to a news release about other elder abuse investigations concerning Wise's reported brother. The affidavit states that Wise and his brother had contacted the victim about sealing her asphalt driveway. She agreed to their quoted price, but the brothers raised the price after the work began and she paid them a greater sum. The brothers then told the victim that the roofs of three of her barns were leaking and offered to repair them. As with the asphalt work, the brothers initially quoted a low price, but increased the price as the work progressed. The victim paid the brothers a much higher amount, but they continued to press her for money. She eventually paid them an additional amount to get them to leave.

2

¶5    The affidavit further stated that the work on both the asphalt and the roofs was substandard. Additionally, the affidavit stated that in the process of "fixing" the roofs the brothers actually caused damage to at least one roof, necessitating replacement.

¶6    On June 6, 2007, Wise appeared in court and changed his plea to guilty for the criminal mischief charge, acting against the advice of his counsel. The State and Wise reached an oral agreement that the State would dismiss the elder abuse charge if Wise pled guilty to criminal mischief and agreed to pay restitution for the damage he caused to the victim's roof and for all the money he received from her.

¶7    Before accepting Wise's plea, the following exchange occurred between Wise and the District Court:

> THE COURT: And can you tell me in your own words, then, what you did that you are pleading guilty to.
>
> THE DEFENDANT: Me and my brother, we did some work for Mrs. Jensen. We painted some barn roofs, and evidently we messed up, didn't do it correctly, Your Honor.
>
> THE COURT: Do you agree that you damaged the roof of a barn?
>
> THE DEFENDANT: Yeah. I mean – according to what I've seen, yes, sir. I do apologize. I mean –
>
> THE COURT: All right. The Court finds there is a factual basis for the criminal mischief charge. The plea has been knowing, voluntarily and intelligently entered. It is accepted. The Defendant is found guilty as charged to criminal mischief, a felony.

¶8    The District Court conducted a sentencing hearing on July 18, 2007, and sentenced Wise to the Department of Corrections for ten years with five years suspended, to be run concurrently with Wise's sentence from another case. At the end of the hearing, Wise

stated that he wanted to withdraw his plea. Wise's counsel told the court that "I believe in the colloquy he did not adequately admit guilt sufficient to be convicted of criminal mischief. He said at the time that he was on the roof and he regretted that they damaged it, but he didn't admit that he intentionally went up there for the purpose of doing damage." The parties briefed the issue and the court denied Wise's motion to withdraw on November 5, 2007.

## STANDARD OF REVIEW

¶9 Section 46-16-105(2), MCA, states that a "court may, for good cause shown, permit the plea of guilty . . . to be withdrawn . . . ." An involuntary plea can constitute "good cause" to withdraw the plea, but "good cause" can be found for reasons other than voluntariness. *State v. Lone Elk*, 2005 MT 56, ¶¶ 17-19, 326 Mont. 214, 108 P.3d 500. "When the voluntariness of the plea is at issue, we will review that ultimate mixed question of law and fact de novo, to determine if the trial court was correct in holding that the plea was voluntary." *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254 (emphasis omitted). "If there is any doubt that a plea is involuntary, the doubt should be resolved in the defendant's favor." *State v. Schaff*, 1998 MT 104, ¶ 17, 288 Mont. 421, 958 P.2d 682 (overruled on other grounds, *State v. Deserly*, 2008 MT 242, ¶ 12, 344 Mont. 468, 188 P.3d 1057).

## DISCUSSION

¶10 **Did the District Court err by denying Appellant's motion to withdraw his guilty plea?**

¶11 Wise argues that there was an insufficient factual basis for his guilty plea, and that this shortcoming ultimately caused his plea to be involuntary. Wise asserts that there was not a sufficient factual basis for his guilty plea because there was no evidence that he knowingly or purposely caused the damage, demonstrating that the court's interrogation was inadequate and that his plea was involuntary.

¶12 Section 46-12-212, MCA, requires a trial court to determine the factual basis for a guilty plea:

> (1) The court may not accept a guilty plea without determining that there is a factual basis for the plea in charges of felonies or misdemeanors resulting in incarceration.
>
> (2) A defendant who is unwilling to admit to any element of the offense that would provide a factual basis for a plea of guilty may, with the consent of the court, enter a plea of guilty or may, with the consent of the court and the prosecutor, enter a plea of nolo contendere to the offense if the defendant considers the plea to be in the defendant's best interest and the court determines that there is a factual basis for the plea.

¶13 Section 45-6-101(1), MCA, states that "[a] person commits the offense of criminal mischief if the person knowingly or purposely . . . injures, damages, or destroys any property of another . . . ." At the plea hearing, Wise plead guilty to criminal mischief and acknowledged that he caused damage to the victim's roof. However, his acknowledgement of causing damage did not include any indication of criminal intent or culpability. Indeed, his statements that "evidently we messed up" and "according to what I've seen" imply that he was not even aware of the damage until a later time.

5

¶14   "A court 'need not extract an admission from the defendant of every element of the crime in order to establish a factual basis for the guilty plea.'" *State v. Frazier*, 2007 MT 40, ¶ 20, 336 Mont. 81, 153 P.3d 18 (quoting *State v. Muhammad*, 2005 MT 234, ¶ 22, 328 Mont. 397, 121 P.3d 521).   "However, the court must ascertain, from admissions made by the defendant at the plea colloquy, that the acts of the defendant, in a general sense, satisfy the requirements of the crime to which he is pleading guilty." *Frazier*, ¶ 20.

¶15   Although initially charged with elder abuse by exploitation, that charge was dismissed as part of the plea bargain.  The general facts underlying the charge that Wise pled to, criminal mischief, involve a not uncommon situation:  a building contractor whose construction work has been called into question.  But more than quality of the work, the charge against him also called into question his intentions toward the work and the customer.  Shoddy work, without more, does not constitute the crime of criminal mischief.  Yet, the colloquy barely elicited an acknowledgement from Wise that his work was faulty, let alone demonstrate an intention to commit a criminal act by establishing his mental state.  Thus, the colloquy failed to demonstrate that "the acts of the defendant, in a general sense, satisfy the requirements of the crime . . . ." *Frazier*, ¶ 20.

¶16   We consider "case-specific considerations" in determining whether a plea was entered voluntarily, including "the adequacy of the district court's interrogation, the benefits obtained from a plea bargain, the withdrawal's timeliness, and other considerations that may affect the credibility of the claims presented." *State v. McFarlane*, 2008 MT 18, ¶ 17, 341 Mont. 166, 176 P.3d 1057 (citing *Muhammad*, ¶ 24).

¶17 Here, the colloquy was clearly inadequate and Wise made a timely request for withdrawal. We have said that "[a] significant part of the voluntariness inquiry is an evaluation of the court's plea colloquy with the defendant . . . ." *State v. Chase*, 2006 MT 13, ¶ 19, 331 Mont. 1, 127 P.3d 1038 (overruled on other grounds, *Deserly*, ¶ 12). Wise simply did not "own up" to a criminal intention required by the charge. Although the State cites to the affidavit filed in support of the Information, the information provided therein was either directed toward the dismissed exploitation charge, or simply discussed the damage Wise caused, again without indicating that there was a criminal design to cause the damage.

¶18 The District Court incorrectly concluded that there was a factual basis for Wise's plea, a violation of § 46-12-212(1), MCA, which casts doubt on the voluntariness of Wise's plea, and which he timely moved to withdraw. Because we resolve doubt about the voluntariness of a plea in a defendant's favor, we hold that the case-specific considerations warrant withdrawal of the plea. We reverse the District Court's denial and remand the case to the District Court so that it may grant Wise's motion.

¶19 Reversed and remanded for further proceedings consistent herewith.


/S/ JIM RICE


We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART