CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
¶1 Andrews appeals from the District Court’s order denying his motion to withdraw his Alford plea to a charge of felony criminal possession of dangerous drugs with intent to distribute. We affirm.
¶2 The issue on appeal is whether the District Court properly denied Andrews’ motion to withdraw his plea.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 In March, 2007, agents working with the Northwest Drug Task Force investigated several individuals suspected of selling drugs, using an informant who made drug purchases as part of the investigation. On March 11 Judy Harlow contacted the informant to report that she had drugs to sell. The informant called Harlow who told him to go to her residence and speak to Andrews, who would make the sale.
¶4 The informant went to Harlow’s residence, met Andrews, and gave him money to purchase methamphetamine. Andrews left with a woman named Sonya Bullcalf and returned 20 minutes later. The informant left Harlow’s residence and reported to the Task Force agent, giving him a bag of powder he had obtained from Andrews. The informant reported that Andrews gave him the powder, that he gave the money to Andrews, and that Andrews gave the money to Bullcalf. Task Force agents monitored and recorded the informant’s conversations with Andrews through a hidden transmitter worn by the informant. The agents did not have a search warrant authorizing the electronic surveillance.
¶5 Agents returned to Harlow’s residence with a search warrant. They found methamphetamine in Harlow’s purse and a spoon with oxycodone residue in a desk in Andrews’ room. Andrews admitted to using methadone and admitted that the spoon belonged to him.
¶6 On October 2,2007, the State charged Andrews with one count of criminal distribution of dangerous drugs and one count of criminal possession of dangerous drugs. On July 3,2008, Andrews entered into an Acknowledgement of Rights and Plea Agreement in which he agreed to enter an Alford plea to one count of felony criminal possession with intent to distribute and the State agreed to dismiss the possession charge. Andrews agreed that the facts contained in the affidavit in support of the motion for leave to file the information established a factual basis to support the plea. Andrews and the State agreed to jointly recommend that he be committed to the Department *54 of Corrections for seven years, with five years suspended to be served on conditions proposed in the presentence investigation report.
¶7 The plea agreement acknowledged that Andrews had the opportunity to examine the charges against him along with the investigative file, that he consulted with his attorney and that he was advised of and understood his rights. In the agreement Andrews acknowledged and waived his right to object to and to move to suppress “any evidence that may have been obtained in violation of the law or constitution.” Finally, Andrews stated in the agreement that his plea was voluntary and that he fully understood the terms and conditions.
¶8 The District Court held a hearing on Andrews’ plea, reviewing the rights that he was waiving by entering the plea. Andrews testified that he had reviewed the evidence against him with his attorney, including the audio recordings, police report and the allegations of the information and affidavit in support. Andrews testified that he believed it was in his best interest to enter the plea, and that he was certain that the State had enough evidence to prove his guilt beyond a reasonable doubt. The District Court found that Andrews was acting under the advice of competent counsel, that he understood his rights, that he understood the charges and possible punishments, and that he was not acting under any defect or disability. The District Court accepted the plea and found Andrews guilty of the amended charge. Andrews concedes that he entered the plea agreement voluntarily.
¶9 On August 20, 2008, after Andrews was adjudged guilty but before he was sentenced, this Court announced its decision in State v. Goetz, 2008 MT 296, 345 Mont. 421, 191 P.3d 489. Goetz held that electronic monitoring and recording of a defendant’s conversations in his home with an informant constitute a search subject to the warrant requirement of the Montana Constitution, despite consent of the informant. On October 21, 2008 Andrews moved to withdraw his plea because the Goetz case cast doubt on whether the results of the electronic monitoring could have been used against him.
¶10 The District Court held a hearing on Andrews’ motion to withdraw his plea. Both the prosecution and the defense agreed that there was no need for the District Court to receive any evidence to decide the motion. Andrews argued that if Goetz had been decided before his plea he could have successfully suppressed the results of the electronic monitoring, would not have entered the plea agreement, and would have proceeded to trial. The District Court denied Andrews’ motion, concluding that he had received the benefits of the plea agreement and that even if Goetz required suppression of the *55 electronic monitoring the State still had sufficient evidence to convict.
STANDARD OF REVIEW
¶11 The comb may permit a defendant to withdraw a plea to a criminal charge upon a showing of “good cause.” Section 46-16-105(2), MCA; State v. Wise, 2009 MT 32, ¶ 9, 349 Mont. 187, 203 P.3d 741. Good cause for withdrawing a plea can be found in reasons other than voluntariness of the plea. Wise, ¶ 9. This Court reviews de novo a defendant’s motion to withdraw a guilty plea. State v. Usrey, 2009 MT 227, ¶ 12, 351 Mont. 341, 212 P.3d 279.
DISCUSSION
¶12 A voluntary plea is made in light of the law applicable at the time the plea is accepted by the court and does not become vulnerable because of a later judicial decision that changes the law. In Brady v. U.S., 397 U.S. 742, 90 S. Ct. 1463 (1970), the defendant pled to a kidnapping charge that exposed him to the death penalty, but only if he were convicted by a jury. Years after Brady was convicted and sentenced the Supreme Court invalidated the procedure that allowed a jury but not a judge to impose the death penalty. Brady attacked the validity of his plea based upon the change in the law. The Supreme Court held that “a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.” Brady, 397 U.S. at 757, 90 S. Ct. at 1473. The Supreme Court further explained:
The fact that Brady did not anticipate [a change in the law] does not impugn the truth or reliability of his plea. We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admission in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.
Brady, 397 U.S. at 757, 90 S. Ct. at 1473-74. A defendant who waives his state court remedies and enters a plea to the charges against him “does so under the law then existing.” McMann v. Richardson, 397 U.S. 759, 774, 90 S. Ct. 1441, 1450 (1970). A favorable change in the law does not entitle a defendant to withdraw a knowing and voluntary plea. U.S. v. Cortez-Arias, 425 F.3d 547, 548 (9th Cir. 2005); U.S. v. Johnson, 67 F.3d 200, 202 (9th Cir. 1995). Later developments in the *56 law that expand a right a defendant has waived in a plea agreement does not “make the plea involuntary or unknowing or otherwise undo its binding nature.” U.S. v. Quinlan, 473 F.3d 273, 279 (6th Cir. 2007).
¶13 While some courts have allowed withdrawal of a plea when a subsequent change in the law were such that the conduct was no longer a crime, see U.S. v. Andrade, 83 F.3d 729, 731 (5th Cir. 1996), the Goetz case did not de-criminalize Andrews’ conduct. Moreover, as the District Court stated at the plea withdrawal hearing, even if Goetz required suppression of the electronic monitoring recordings, the State still had evidence available to convict. The informant and investigating officers could still testify and make a case against Andrews.
¶14 Other states follow the rule of the Brady case and hold that a post-plea change in the law does not invalidate the plea. People v. Trank, 872 N.Y.S.2d 595, 596-97 (N.Y. App. 2009); State v. Brazer, 751 N.W.2d 619, 630 (Neb. 2008); Sims v. Commonwealth, 233 S.W.3d 731, 733 (Ky. App. 2007); and State v. Reid, 894 A.2d 963, 978-79 (Conn. 2006).
¶15 Having entered his plea agreement knowingly and voluntarily, Andrews failed to make a showing of good cause to allow him to withdraw the plea as required by § 46-16-105(2), MCA, based upon the subsequent decision in the Goetz case. The District Court properly denied Andrews’ motion to withdraw his plea.
¶16 Affirmed.
JUSTICES MORRIS, RICE and DISTRICT JUDGE SEELEY, sitting for RETIRED JUSTICE WARNER concur.