JUSTICE LEAPHART,
dissenting.
¶17 I dissent. Section 46-16-105(2), MCA, provides that a court may, for good cause shown, permit the plea of guilty to be withdrawn. An involuntary plea can constitute “good cause” to withdraw the plea. State v. Wise, 2009 MT 32, ¶ 9, 349 Mont. 187, 203 P.3d 741 (citing State v. Lone Elk, 2005 MT 56, ¶¶ 17-19, 326 Mont. 214, 108 P.3d 500, overruled on other grounds, State v. Brinson, 2009 MT 200, 351 Mont. 136, 210 P.3d 164). However, “good cause” can be found in reasons other than involuntariness. Id.; State v. Jones, 2008 MT 331, ¶ 11, 346 Mont. 173, 177, 194 P.3d 86, 89; State v. Warclub, 2005 MT 149, ¶ 16, 327 Mont. 352, 356, 114 P.3d 254, 257. In State v. Lone Elk, we observed that the legislature, in adopting a broad good cause standard, “suggested the possibility of criteria in addition to voluntariness.” Lone Elk, ¶ 19. We therefore held that other reasons may exist. Lone Elk, ¶ 19. We included examples such as “newly discovered evidence, intervening circumstances or any other reason for withdrawing his *57 guilty plea that did not exist when he pleaded guilty.” Lone Elk, ¶ 19 (quoting United States v. Turner, 898 F.2d 705, 713 (9th Cir. 1990)). Andrews’s appeal is just such a situation in which we should officially recognize the latter two. There still may be others, but I would confine our analysis to only those circumstances applicable to Andrews’s appeal.
¶18 Our invocation of United States v. Turner and the “fair and just” standard in Lone Elk provides the appropriate framework for identifying “good cause” circumstances justifying the withdrawal of a guilty plea.[1] In Turner, codefendant Smith alleged that the district court erred at sentencing by denying his motion to withdraw his guilty plea. The court held that Smith did not “allege newly discovered evidence, intervening circumstances or any other reason for withdrawing his guilty plea that did not exist when he pleaded guilty. United States v. Turner, 898 F.2d at 713. Instead, when making his withdrawal request, Smith merely stated: “I feel that I am being blamed for a lot of stuff I didn’t do.” United States v. Turner, 898 F.2d at 713.
¶19 Andrews’s argument regarding the intervening Goetz decision constitutes a “reason for withdrawing his guilty plea that did not exist when he pleaded guilty” as well as an “intervening circumstance.” The Goetz decision did not exist prior to August 20, 2008. Since Andrews entered an Alford plea on July 3, 2008, the Goetz decision “did not exist” at the time of his plea. Andrews’s argument also falls within the “intervening circumstances” category of “good cause” justifications for withdrawing a guilty plea. In United States v. Ortega-Ascanio, 376 F.3d 879, 887 (9th Cir. 2008), the Ninth Circuit held that a district court abused its discretion in denying a pre-sentencing motion to withdraw a plea where there existed “a fair and just reason for withdrawing his plea, namely, an intervening Supreme Court decision that overruled Circuit precedent and gave him a plausible ground for dismissal of his indictment” (emphasis added).[2] Similarly, before *58 Andrews’s sentencing, the Montana Supreme Court decided Goetz, which overruled prior precedent in State v. Brown, 232 Mont. 1, 755 P.2d 1364 (1988). As a result of that intervening decision, Andrews moved to withdraw his plea, arguing that if Goetz had been decided before his plea, he could have successfully suppressed the recordings, would not have entered the plea agreement, and would have proceeded to trial.
¶20 The District Court denied Andrews’s motion, concluding that he had received the benefits of the plea agreement and that even if Goetz required suppression of the electronic monitoring, the State still had other evidence it could use to convict. The majority has agreed. This is problematic because the Court has embraced-without providing any reason — the improper standard of review used by the District Court.[3] The question for the District Court is not whether the court believes a Defendant will be convicted anyway, but whether, in light of the Goetz decision, a reasonable person in the defendant’s position would have pleaded guilty or insisted on going to trial. State v. Henderson, 2004 MT 173, ¶ 19, 322 Mont. 69, 74, 93 P.3d 1231, 1235. The Ninth Circuit’s language under the “fair and just” standard is analogous. In United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir. 2005), the court held that it is sufficient that the reason for withdrawal “could have at least plausibly motivated a reasonable person in Garcia’s position not to have pled guilty had he known about the evidence prior to pleading.”
¶21 Andrews contends that a reasonable person in his position would not have entered the plea agreement in light of our intervening decision in Goetz. He avers that the recordings were critical to the dispositive issue of whether Andrews or Bullcalf was the one dealing the drugs to the informant. Andrews argues that his defense at trial would not have been that no sale occurred, but rather that he was not the one making the sale. He contends that even if the informant testified, the absence of any recorded corroboration that it was Andrews who sold the drugs-and the fact that Bullcalf drove to get the drugs and ended the transaction in possession of the informant’s buy money-would significantly weaken the State’s case against Andrews. *59 Andrews argues that the credibility of the confidential informant, her potential interest in Andrews’s conviction, and the fallibility of human memory and perception are also subject to attack before a jury, where as an electronic recording is not.
¶22 Moreover, sea. Alford plea is distinguished from a regular plea by the defendant’s weighing of evidence against him. If the recordings had been deemed inadmissible under Goetz, the volume and quality of evidence against Andrews would have changed significantly. Ajo. Alford plea is unlike a simple plea of guilty in which a defendant admits the offense. In entering an Alford plea, the defendant does not admit the offense. Rather, the defendant maintains his innocence but looks at all the evidence in the hands of the State and, in light of that evidence, agrees that a jury will probably convict. In essence, the defendant concludes that “although I am not guilty, the weight of the evidence is such that as a practical matter I will be convicted, so I may as well get the benefit of a plea bargain.” If qualitatively powerful evidence such as surreptitious recordings had been deemed inadmissible under Goetz, a reasonable person’s calculation of the probabilities of conviction most certainly would have changed.
¶23 For the above reasons, I dissent and conclude that a reasonable person in Andrews’s position would not have entered the Alford plea in light of our intervening decision in Goetz. I would therefore reverse the District Court’s denial of Andrews’s motion to withdraw his Alford plea and remand for further proceedings.
JUSTICE COTTER joins in the dissenting Opinion of Justice Leaphart.

 While not identically-worded, the “fair and just” language is the federal equivalent of Montana’s “good cause” language. This state-federal mirroring is why in Lone Elk we invoked the Ninth Circuit’s list of other circumstances that may justify the withdrawal of a guilty plea.

 The Court has cited other Ninth Circuit decisions that are tangentially related to the specific scenario in Andrews. Ortega-Aseanio is directly on point with Andrews’s argument regarding an intervening higher court decision. None of the decisions cited by the Court address this specific scenario. Further, the decisions the Court cites are from 1995 and 2005, while Ortega-Aseanio was decided in 2008.

 It appears the District Court may have been referencing the factors specific to the “voluntariness” category of “good cause” circumstances warranting withdrawal of a guilty plea, which include case-specific considerations such as the “adequacy of the district court’s interrogations, the benefits obtained from a plea bargain, and the withdrawal’s timeliness. . . .” Wise, 2009 MT at ¶ 16, 203 P.3d at 743. Because these factors are specific to the “voluntariness” analysis, they do not readily translate to the other circumstances we identified “good cause” for withdrawal of a guilty plea.