CHIEF JUSTICE McGRATH
delivered the Opinion of the Court. ¶1 Thomas Gregory Ferris appeals from the District Court’s August 26, 2009 order denying his motion to withdraw his guilty plea. We affirm.
BACKGROUND
¶2 In March, 2008, the State charged Ferris with felony distribution of dangerous drags after he sold hydrocodone to an undercover informant. Law enforcement officers electronically monitored the transaction through a body wire worn by the informant. The monitoring was not authorized by a search warrant.
¶3 The State filed notice of its intent to treat Ferris as a persistent felony offender based upon a prior felony drug conviction. Ferris, with representation by counsel, subsequently pled guilty to felony criminal distribution of dangerous drugs. He executed a document captioned “Acknowledgement of Waiver of Rights by Plea of Guilty” in which he *246 acknowledged, among other things, that the plea was voluntary and that “I fully understand what I am doing.” His attorney signed a separate certification that Ferris had been advised of his rights to go to trial and that he was voluntarily entering the plea.
¶4 Ferris also executed a written plea agreement which provided in part that “[e]ach party understands and agrees that a plea of GUILTY entered to any charge pursuant to this agreement cannot be subsequently withdrawn.” The State agreed to recommend a ten-year sentence at the Montana State Prison with five years suspended, to run concurrently with Ferris’ sentence for his prior conviction. The State also agreed to not seek designation as a persistent felony offender, even though Ferris had numerous prior felony convictions. ¶5 The District Court conducted a change of plea hearing on August 7, 2008. The District Court examined Ferris in detail as to his understanding of the plea agreement and of the rights he waived by pleading guilty. Ferris testified that he was pleading guilty voluntarily and that he understood the proceedings. The District Court specifically inquired into the factual basis for the plea. Ferris acknowledged that he sold drugs to an undercover informant who was wearing an electronic transmitting device. The District Court accepted Ferris’ guilty plea. At a subsequent sentencing hearing Ferris’ attorney noted that Ferris was “willing to enter into this [plea agreement] rather quickly so that he can get this resolved, which I think is a benefit to the State and to all of us.” The District Court sentenced Ferris according to the plea agreement.
¶6 After Ferris entered his guilty plea but before he was sentenced this Court decided State v. Goetz, 2008 MT 296, 345 Mont. 421, 191 P.3d 489. That case held that a search warrant was required for electronic monitoring of a defendant’s conversations with an informant in his home notwithstanding the informant’s consent. Neither the attorneys nor the District Court mentioned Goetz at the sentencing hearing.
¶7 In May, 2009, Ferris requested appointment of counsel to raise Goetz issues. The Public Defender appeared for Ferris and on June 29, 2009, filed a motion to withdraw the guilty plea so that Ferris could seek suppression of the surveillance evidence based upon Goetz. After briefing, the District Court denied the motion to withdraw the plea based primarily upon Ferris’ failure to raise any Goetz issue prior to sentencing. This appeal followed.
*247 STANDARD OF REVIEW
¶8 A district court may permit a defendant to withdraw a guilty plea upon good cause, §46-16-105(2), MCA. An involuntary plea can justify withdrawal, but is not the only basis for establishing good cause. State v. Wise, 2009 MT 32, ¶ 9, 349 Mont. 187, 203 P.3d 741. Good cause analysis has been based upon the adequacy of the district court’s interrogation at the time the plea was entered; the promptness with which the defendant attempts to withdraw the plea; and whether the plea resulted from a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. State v. Boucher, 2002 MT 114, ¶ 25, 309 Mont. 514, 48 P.3d 21. The fundamental purpose of allowing withdrawal of a plea is to guard against conviction of an innocent person. Id. This Court reviews a denial of a motion to withdraw a guilty plea de novo. State v. Usery, 2009 MT 227, ¶ 12, 351 Mont. 341, 212 P.3d 279.
DISCUSSION
¶9 Issue 1: Whether the District Court erred by denying Ferris’ motion to withdraw his guilty plea. This case is controlled by our recent decision in State v. Andrews, 2010 MT 154, 357 Mont. 52, 236 P.3d 574. In that case this Court held that a guilty plea is made on the basis of the law applicable at the time the plea is accepted by the district court, and that the plea may not be withdrawn if a later judicial decision changes the law. Andrews, ¶ 12. The Goetz decision that changed the law here was decided after Ferris entered his guilty plea, and therefore does not provide the necessary good cause for withdrawing the plea.
¶10 Ferris argues in his reply brief on appeal that notwithstanding Andrews, his guilty plea was not voluntary or “at the very least, the fact that he was not informed of Goetz undermines the voluntariness of his plea.”As noted above, the written plea agreement as well as the colloquy conducted by the District Court at the time the plea was accepted clearly indicated that the plea was entered voluntarily. In addition, he admitted he sold drugs to an undercover informant and he received the benefit of the plea agreement.[1] The basis for Ferris’ *248 argument is the assertion that Ferris’ trial attorney had the obligation to advise him that the Goetz appeal was pending but undecided at the time of his guilty plea. Ferris cites no law in support of this proposition. We decline to adopt a standard that requires trial counsel to be aware of the issues in all cases pending on appeal, and to advise clients on how each of those cases might affect his situation.
¶11 Issue 2: Whether Ferris’ attorney provided ineffective assistance. Ferris contends that his attorney provided ineffective assistance by failing to raise the Goetz issue at the time of sentencing and that no record review is necessary because no plausible justification exists for the failure to do so. This Court reviews ineffective assistance of counsel claims under the principles set out in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The defendant must establish that his attorney’s performance was deficient and that the deficient performance prejudiced the defense. Baca v. State, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948. Counsel’s performance is deficient if it falls below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances. Whitlow v. State, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861. The defendant must overcome a strong presumption that counsel’s actions were within a broad range of reasonable professional assistance. Baca, ¶ 17. The defendant must demonstrate prejudice by showing a reasonable probability that the result of the proceeding would have been different but for counsel’s deficient performance. Id.
¶12 Ferris’ attorney could have asserted Goetz as a ground for withdrawing the guilty plea at the time of the sentencing, assuming that Ferris would have chosen to try to withdraw his plea at that time. However, the District Court could have denied a motion to withdraw on the ground that the plea was knowingly and voluntarily entered, and could have decided, as this Court did in Andrews, that a change in the case law is not a sufficient ground for withdrawing a plea. So, while Ferris’ attorney could have raised Goetz at the time of sentencing, Ferris cannot demonstrate prejudice or that there is a reasonable probability that the result would have been different and that he would be allowed to withdraw his plea. Absent a conclusion that the result would have been different, we cannot determine that Ferris’ attorney was ineffective for failing to raise Goetz at the sentencing hearing.
¶13 Affirmed.
JUSTICES WHEAT, RICE and MORRIS concur.

 As in Andrews, even if Goetz applied to Ferris’ case, the State could still have had evidence to convict based upon the testimony of the confidential informant, the drugs recovered and the observations of the officers. Ferris argues on appeal that there was ‘ho indication in the record that the Cl ever agreed to testify” and that it is unlikely that the Cl would be called as a witness. To the contrary, the Information charging Ferris with the offense specifically listed the Cl as a witness for the State and nothing appears to indicate that the Cl would not or could not testify. See State v. Schwartz, 2009 MT 234, 351 Mont. 384, 212 P.3d 1060.