*249 JUSTICE COTTER
dissents.
¶14 I dissent. I would conclude that Ferris’s counsel provided ineffective assistance in failing to timely raise Goetz in an effort to withdraw Ferris’s guilty plea, and would reverse and remand to allow Ferris to renew his motion to withdraw his guilty plea.
¶15 The majority concludes that this case is controlled by our decision in State v. Andrews, 2010 MT 154, 357 Mont. 52, 236 P.3d 574 (Leaphart, Cotter & Nelson, JJ., dissenting). In Andrews, we held that a court decision which changes the law, and which is rendered after a defendant voluntarily changes his plea to guilty, does not provide the necessary good cause for withdrawing a guilty plea. Andrews, ¶ 12. In dissent, Justices Leaphart and Cotter argued that, under State v. Lone Elk, 2005 MT 56, ¶ 19, 326 Mont. 214, 108 P.3d 500, overruled in part on other grounds, State v. Brison, 2009 MT 200, ¶ 9, 351 Mont. 136, 210 P.3d 164, ‘intervening circumstances or any other reason for [a defendant] withdrawing his guilty plea that did not exist when he pleaded guilty” constituted good cause for withdrawing a plea, and that a change in the law occurring after a change of plea was just such a circumstance justifying the withdrawal of the guilty plea. Andrews, ¶ 17 (Leaphart & Cotter, JJ., dissenting). Justice Nelson, writing separately, opined that “a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final,” id. at ¶ 25 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S. Ct. 708, 716 (1987)), and that because Andrews’ conviction was not yet final when the new rule was announced, there was “good cause”for him to withdraw his guilty plea. Id. at ¶ 27.
¶16 I appreciate that the foregoing analyses in Andrews were minority positions. I submit, however, that our recent decision in State v. Reichmand, 2010 MT 228, 358 Mont. 68, 243 P.3d 423, underscores the correctness of the minority positions in Andrews and compels us to reverse Ferris’s conviction and remand to allow Ferris to raise Goetz and Reichmand in support of a renewed motion to withdraw his guilty plea.
¶17 In Reichmand, Reichmand was found guilty of two counts of criminal endangerment. Reichmand, ¶ 1. At trial, the jury heard the taped conversations of a confidential informant (Cl) buying drugs from Reichmand, thanks to a warrantless recording of those conversations arranged by a drug task force. Id. at ¶ 3. After the verdict but before sentencing, our decision in Goetz came down, and in response, Reichmand filed a motion to set aside the jury verdict. Id. at ¶ 4. The *250 District Court denied the motion, concluding that because Reichmand failed to assert a Goefe-type claim prior to or during trial, he was not “similarly situated” to the defendant in Goetz, as required under our decision in State v. Foster-DeBerry, 2008 MT 397, 347 Mont. 164, 197 P.3d 1004. Id. at ¶ 5.
¶18 On appeal in Reichmand, we reversed, and in so doing, overruled Foster-DeBerry. Reichmand, ¶ 11. We concluded that one need not have objected below in order to gain the retroactive benefit of a new rule of criminal procedure. Id. at ¶ 12. We endorsed the retroactivity principles announced in State v. Egelhoff, 272 Mont. 114, 125, 900 P.2d 260, 267 (1995), rev’d on other grounds, Montana v. Egelhoff, 518 U.S. 37, 116, S. Ct. 2013 (1996), and argued by Justice Nelson in his Andrews Dissent at ¶ 26, to the effect that “a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state and federal, pending on direct review or not yet final.” Reichmand, ¶ 14 (citing Egelhoff, 272 Mont. at 125, 900 P.2d at 267).
¶19 As the Court notes, Ferris had pled guilty but had not yet been sentenced when we announced our decision in Goetz. Supra ¶ 6. Thus, his conviction was at that point ‘hot yet final.” The Court here concludes that although his counsel could have raised Goetz in an effort to withdraw his guilty plea prior to sentencing, his failure to do so is not ineffective assistance, as the District Court could have denied the motion in any event. Supra ¶ 12. Respectfully, I disagree with the Court’s logic. Had Ferris’s attorney timely raised Goetz in an effort to withdraw his guilty plea before sentencing, there is surely a reasonable probability that the result of the proceeding would have been different, as it is evident from its order that the District Court considered Ferris’s failure to raise Goetz prior to sentencing critical to its decision to deny the later motion to withdraw the guilty plea.
¶20 The implications of Goetz undermine the voluntariness of Ferris’s plea, and establish the requisite “good cause”for withdrawal of a guilty plea under §46-16-105(2), MCA. As we have held, any doubts as to whether good cause exists to withdraw a guilty plea should be resolved in favor of a trial on the merits. State v. Tweed, 2002 MT 286, ¶ 25, 312 Mont. 482,59 P.3d 1105, overruled on other grounds, State v. Deserly, 2008 MT 242, ¶ 12 n. 1, 344 Mont. 468, 188 P.3d 1057.
¶21 I would conclude that in failing to raise Goetz in support of a timely motion to withdraw his guilty plea before Ferris was sentenced, Ferris’s counsel’s performance was deficient. Given that the Goetz decision was potentially dispositive of Ferris’s case and widely heralded among attorneys and in the press, it strains credulity that *251 Ferris’s counsel would not have known of it or understood its implications for his client. In this connection, I would conclude that because there was no plausible justification for counsel’s failure to raise Goetz and its binding warrant requirement before sentencing, the error is reviewable on direct appeal. State v. Kougl, 2004 MT 243, ¶¶ 14, 19, 323 Mont. 6, 97 P.3d 1095. See also Whitlow, ¶ 18 (citing Lawhorn v. Allen, 519 F.3d 1272, 1275 (11th Cir. 2008) (‘Tactical or strategic decisions based on a misunderstanding of the law are unreasonable.”)).
¶22 Finally, for the reasons implicit in this argument, I would further conclude that Ferris was prejudiced by this failure. Thus, the requisites of Strickland are met here. While the Court is correct that there is no guarantee Ferris would have ultimately been successful in his efforts to withdraw his plea, all that is needed under Strickland and Baca is a “reasonable probability” that the result of the proceeding would have been different. Baca, ¶ 17. That reasonable possibility exists here.
¶23 I would reverse Ferris’s conviction and sentence on the grounds of ineffective assistance of counsel, and remand to allow counsel to raise Goetz and Reichmand in support of a renewed motion to withdraw Ferris’s guilty plea. I dissent from our failure to do so.
JUSTICES NELSON and LEAPHART join in the Dissent of JUSTICE COTTER.