FILED

03/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0664

DA 15-0664

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 72N

STATE OF MONTANA,

　　　　　Plaintiff and Appellee,

　　v.

GEORGIA KAYE COLD,

　　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Eighteenth Judicial District,
　　　　　　　　In and For the County of Gallatin, Cause No. DC-13-181A
　　　　　　　　Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Mark S. Hilario, Hilario Law Firm, Billings, Montana

　　　　　For Appellee:

　　　　　Timothy C. Fox, Montana Attorney General, Madison L. Mattioli,
　　　　　Assistant Attorney General, Helena, Montana

　　　　　Marty Lambert, Gallatin County Attorney, Eric N. Kitzmiller, Deputy
　　　　　County Attorney, Bozeman, Montana

　　　　　　　　　　　Submitted on Briefs:　March 8, 2017

　　　　　　　　　　　　　　Decided:　March 28, 2017

Filed:

_____
　　　　　　　Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Georgia Kaye Cold (Cold) appeals from an August 5, 2015 District Court order denying her motion to withdraw her no contest plea.  We affirm.

¶3      On August 8, 2013, the State charged Cold with one felony count of theft, as part of a common scheme or plan, in violation of § 45-6-301, MCA, based on misrepresentations she made in diamond sales.  On September 10, 2013, Cold and her counsel appeared in Court, she pled not guilty, and trial was set.  Before trial Cold filed a motion to vacate the jury trial and schedule a change of plea hearing.  At the May 27, 2014 hearing, Cold's counsel submitted a written acknowledgment and waiver of rights signed by Cold and counsel.  Cold acknowledged she was not physically ill, under the influence of any drugs or alcohol, was not experiencing any emotional disability preventing her from knowing what she was doing, that she understood the maximum penalty, and discussed the consequences of the no contest plea with counsel.  The State submitted a written plea agreement with recommendations including a three-year deferred sentence and a suggestion that the District Court determine the amount of restitution.

¶4      The District Court conducted a colloquy with Cold. She indicated she understood that by entering a no contest plea, she was waiving her rights to a trial, and that the recommendations were non-binding on the District Court. Cold acknowledged she would be unable to withdraw her plea. Cold told the District Court that she wished to proceed, did not need additional time to speak with her attorney, and did not have any questions. Cold entered a no contest plea to one felony count of theft, as part of a common scheme or plan, in violation of § 45-6-301, MCA. The State made an offer of proof to establish the basis for the plea. The District Court asked counsel if she believed the plea was in Cold's best interest. Cold's attorney indicated that she encouraged Cold to go to trial but Cold had reasons for why she wanted to plead no contest and based on those reasons, the plea was in her best interest. The District Court accepted the plea and scheduled the sentencing and restitution hearing.

¶5      On July 24, 2014, Cold and counsel appeared at the sentencing hearing. Cold offered detailed testimony. The District Court described her testimony as clear and articulate. Cold did not exhibit any inability to understand the proceedings or the questions being asked. Cold testified she physically, emotionally, and mentally could not handle going to trial. Cold did not indicate a desire to withdraw her no contest plea. The District Court ordered a five-year suspended sentence, with ninety days at the Gallatin County Detention Center on work release. The District Court ordered Cold to pay full restitution of $111,790 and $11,179 in fees.

¶6      On August 18, 2014, Cold met with Dr. Kenneth Olson, psychiatrist, regarding her headaches and inability to focus. The same day Cold met with Amy Keefer, a therapist

and licensed clinical social worker, regarding her "feeling overwhelmed" and "struggling in life." Both began treating her.

¶7    On December 23, 2014, five months after sentencing, Cold filed a motion to withdraw her no contest plea. Cold asserted that new evidence of an undiagnosed traumatic brain injury demonstrates that she did not enter her plea knowingly, intelligently or voluntarily, that she was innocent, and her counsel had made promises and misrepresentations that caused her to waive her rights by entering a no contest plea.

¶8    At a hearing held on June 9, 2015, Cold testified she had an auto accident in 2012 resulting in a traumatic brain injury. Dr. Olson testified Cold's Magnetic Resonance Imaging (MRI) results were consistent with a traumatic brain injury. He testified Cold had memory and executive functioning problems, is easily frustrated when answering questions, and intermittently becomes confused. Dr. Olsen indicated Cold was functioning at a "very low level." Amy Keefer testified Cold was suffering from depression. Neither could testify to Cold's level of functioning when she entered her no contest plea. Cold testified she did not remember meeting with counsel, being advised of the evidence against her, or the change of plea hearing. Cold's counsel did not have any concern that Cold was unable to enter a voluntary, knowing, and intelligent plea. Counsel testified that Cold wanted to avoid negative publicity. The District Court denied Cold's motion to withdraw on August 5, 2015, finding the record did not support Cold's claim that her no contest plea was not entered voluntarily, knowingly, or intelligently. Cold appeals.

4

¶9 This Court reviews underlying findings of fact for clear error and conclusions of law for correctness. *State v. Garner*, 2014 MT 312, ¶ 21, 377 Mont. 173, 339 P.3d 1 (citing *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254). When the voluntariness of the plea is at issue, we will review that ultimate mixed question of law and fact de novo, to determine if the trial court was correct in holding that the plea was voluntary. *Warclub*, ¶ 24. This Court reviews de novo a defendant's motion to withdraw a guilty plea. *State v. Andrews*, 2010 MT 154, ¶ 11, 357 Mont. 52, 236 P.3d 574.

¶10 A court may, within one year after a judgment becomes final, permit a defendant to withdraw a guilty or no contest plea upon a showing of good cause. Section 46-16-105(2), MCA. A plea of no contest must be voluntary, knowing, and intelligent. *Garner*, ¶ 26. To determine if a plea was voluntary, this Court will examine the adequacy of the plea colloquy, the benefit the defendant obtained from the plea agreement, and the timing of the motion to withdraw. *Garner*, ¶ 26. The voluntariness of a plea can be determined only by considering all of the relevant circumstances surrounding the plea. *Garner*, ¶ 26.

¶11 At the change of plea hearing, Cold's counsel submitted a written acknowledgment and waiver of rights signed by counsel and Cold. During the colloquy, Cold indicated she understood when the District Court advised her regarding her rights, the consequences, and maximum punishment, which could result from a no contest plea. Cold assured the District Court that no one had made any promises, which resulted in her change of plea. Cold recognized the possibility that the District Court could reject her plea, and that she could not withdraw in that case. Cold benefited from the plea with the

State recommending a deferred sentence and reduced restitution. Cold never expressed any misunderstanding to counsel or to the Court. Cold did not seek treatment for her medical issues until after sentencing.

¶12 This Court finds no error in the District Court's underlying findings of fact and conclusions of law. The record does not support Cold's claim that her no contest plea was involuntary. Cold submitted a signed and written acknowledgment and waiver of rights. Competent counsel represented Cold and the District Court conducted an adequate colloquy. The District court was correct in denying Cold's motion to withdraw her guilty plea. Cold has failed to show good cause to withdraw her guilty plea.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE