FILED

08/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0086

DA 23-0086

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2024 MT 175N

STATE OF MONTANA,

  Plaintiff and Appellee,

 v.

JAMES EDWARD MEURET II,

  Defendant and Appellant.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC-2020-11
Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Rufus I. Peace, Peace Law Group, LLC, Jacksonville, Florida

  For Appellee:

  Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

  Dylan J. Jensen, Valley County Attorney, Glasgow, Montana

Submitted on Briefs: July 24, 2024

Decided: August 13, 2024

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant James Edward Meuret II (Meuret) appeals a December 7, 2022 Judgment sentencing him to two years with the Department of Corrections, all time suspended, for the criminal possession of dangerous drugs. Meuret argues that one of his attorneys at the District Court rendered ineffective assistance of counsel (IAC), and requests that this Court "vacate the district court's Judgment and return the matter to the district court with instructions to allow Meuret to file a motion to withdraw his plea of no contest."

¶3 On July 22, 2019, Meuret's vehicle was pulled over by police for his failure to properly use his turn signal. The traffic stop escalated into an arrest for an outstanding warrant. Following the arrest, when police officers returned to Meuret's vehicle to remove Meuret's dogs from the vehicle, they observed a methamphetamine pipe in plain view. The officers then obtained a search warrant for the vehicle and subsequently discovered a small bag of methamphetamine, in addition to more paraphernalia. On June 4, 2020, Meuret was charged with criminal possession of dangerous drugs and criminal possession of drug paraphernalia.

¶4	Meuret was initially appointed counsel, Casey Moore (Moore), from the Office of State Public Defender (OPD). Meuret entered pleas of not guilty for both counts on August 18, 2020. At an October 5, 2020 omnibus hearing, Meuret reserved the right to file a motion to suppress evidence, and the District Court gave him until November 13, 2020, to do so. No motion was ever filed. Meuret's trial remained set for February 2021 but was continued several times until December 8, 2021. On the morning of trial, the District Court asked if everyone was set to proceed, and Meuret indicated he did not feel that he was ready. After a recess and a discussion with Moore and the District Court, Meuret changed his mind and wanted to enter a plea of nolo contendere. The parties then drafted a written agreement that would allow Meuret to plead nolo contendere to the criminal possession of dangerous drugs count and dismiss the possession of drug paraphernalia count. Meuret confirmed he understood he was waiving his constitutional rights, including "the right to object to any evidence obtained in violation of the law." He also stated that he had no issues with his counsel, Moore.

¶5	Sentencing was set for February 22, 2022. At the sentencing hearing, Moore indicated that Meuret was now considering no withdraw of his guilty plea. The District Court then granted Meuret until March 25, 2022, to submit a motion to withdraw his plea. Five days after that deadline, when no motion to withdraw had been filed, Moore filed a notice that explained: "After investigating Defendant's basis for his withdrawal it has been decided that the conflict office is the appropriate entity to assign counsel to file Defendant's motion." On April 12, 2022, another attorney from the OPD, Mark Epperson (Epperson),

was assigned to Meuret's case. The District Court thereafter ruled that Meuret's motion to withdraw must be filed by May 27, 2022, and if a motion was not filed, a hearing set for July 5, 2022, would be utilized as a sentencing hearing. No motion to withdraw was ever filed, but on July 5, 2022, Epperson filed a motion to suppress the evidence obtained in Meuret's vehicle. Six days later, the State filed a Notice regarding the motion to suppress, arguing that the deadline for any such motion had passed, particularly in light of the District Court's ruling regarding the motion to withdraw.

¶6 In an August 2022 status hearing, the District Court asked why Epperson filed a motion to suppress instead of a motion to withdraw. Epperson answered:

> Well I analyzed the issue of whether he should withdraw a guilty plea. There are specific grounds, that if they are present, the defendant can withdraw a guilty plea. I analyzed it and I even sent Mr. Meuret an e-mail on this, and I don't think he qualified for to be able [sic] to withdraw his guilty plea.

Epperson continued, "I realized that there was a suppression issue there, and that was a legitimate defense, so that's why I filed a Motion to Suppress, rather than a Motion to Withdraw a Guilty Plea." Epperson also explained that he was not Meuret's attorney previously, but that given Moore's failure to file a suppression motion, Meuret may have a valid IAC claim against Moore. The District Court responded that the deadline for any motion to suppress had passed in November of 2020, and it rejected consideration of the motion to suppress and set a sentencing hearing. On November 21, 2022, Meuret appeared for sentencing, and the District Court imposed a two-year suspended sentence to the Department of Corrections for criminal possession of dangerous drugs, as the parties had agreed to within the plea agreement. Meuret appeals.

4

¶7 "Ineffective assistance of counsel claims are a mixed question of fact and law that are reviewed de novo." *State v. Hinshaw*, 2018 MT 49, ¶ 8, 390 Mont. 372, 414 P.3d 271. Both the United States Constitution and the Montana Constitution guarantee the right to effective assistance of counsel. U.S. Const. amend. VI; Mont. Const. art. II, § 24. We apply the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to ineffective assistance of counsel claims. *State v. Chafee*, 2014 MT 226, ¶ 19, 376 Mont. 267, 332 P.3d 240. "Under *Strickland*, the defendant must prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *Garding v. State*, 2020 MT 163, ¶ 15, 400 Mont. 296, 466 P.3d 501 (internal quotations omitted). "If the petitioner cannot satisfy both of these elements, the claim will be denied." *Garding*, ¶ 15. "Thus, if an insufficient showing is made regarding one prong of the test there is no need to address the other prong." *Garding*, ¶ 15.

¶8 Meuret focuses his argument on the fact that Moore's failure to identify the suppression issue was likely ineffective assistance of counsel, but that, in any event, Epperson's refusal to file a motion to withdraw Meuret's plea was based upon a misinterpretation of the law and otherwise exceeded counsel's authority to make decisions on Meuret's behalf. Specifically, he contends that Epperson erred by failing to argue that Moore was ineffective, and that Moore's ineffective assistance in failing to recognize the suppression issue provided a basis for him to withdraw his plea.[1]

---

[1] Meuret explains that he "suffered from Ineffective Assistance of Counsel, when his initial counsel failed to identify a suppression issue and his later counsel refused to file a motion to withdraw his no contest plea, against Meuret's direction." In his reply brief, Meuret further clarifies that "[t]here

5

¶9 Under § 46-16-105(2), MCA, "[a] district court may permit a defendant to withdraw a guilty plea upon good cause." *State v. Ferris*, 2010 MT 252, ¶ 8, 358 Mont. 244, 244 P.3d 732. Generally, however, a plea is valid so long it is a "voluntary, knowing, and intelligent choice among the alternative courses." *State v. Radi*, 250 Mont. 155, 159, 818 P.2d 1203, 1206 (1991). Upon the record here, Meuret appears to have entered his plea knowingly and voluntarily, and it appeared to be a fair option among the alternative courses of action available to him. The District Court asked Meuret if he understood the rights he was giving up by pleading nolo contendere and Meuret said he did. Meuret also said he understood he was giving up the right to challenge evidence and confirmed that he had no complaints about his attorney at the time, Moore.

¶10 While Meuret criticizes Moore's failure to identify the suppression issue and Epperson's failure to file a motion to withdraw Meuret's plea based on Moore's failure, the record is manifestly undeveloped concerning both Moore's reasoning behind not raising the suppression issue *and* Epperson's analysis concerning the propriety of a motion to withdraw given Moore's apparent failure. Meuret is correct that IAC can be a basis for withdraw of a plea, but for consideration of that issue on direct appeal, the record must demonstrate the reasons for Epperson's actions, and Meuret must establish why Epperson's legal analysis about Moore's actions was flawed. However, the record before this Court

is not enough evidence in the record for an ineffective assistance of counsel claim against Attorney Moore to be brought on direct appeal and this is not the basis of this appeal. Rather, Meuret argues there is enough evidence in the record for this Court to review and determine if Attorney Epperson's actions constituted ineffective assistance of counsel . . . ."

does not demonstrate the legal basis for Epperson's decision not to pursue a motion to withdraw, nor for his opinion that Moore had rendered IAC regarding the suppression motion. Neither does the record reflect Moore's reasoning for not raising the suppression issue, if he was aware of it. *See State v. Heavygun*, 2011 MT 111, ¶ 8, 360 Mont. 413, 253 P.3d 897 ("[I]f the record does not demonstrate 'why' counsel did or did not take an action which is the basis of the claim, the claim is more suitable for a petition for postconviction relief where a record can be more fully developed."). On this point, "[c]ounsel is not ineffective for failing to pursue a meritless strategy or one with an unlikely chance of success based upon the exercise of reasonable judgment." *State v. Payne*, 2021 MT 256, ¶ 32, 405 Mont. 511, 496 P.3d 546. Accordingly, we must affirm the judgment entered by the District Court without prejudice to Meuret's ability to pursue his claims of IAC in a timely petition for postconviction relief.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12    Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA